UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA DAVID BOSHELL, #530749,

        Petitioner,

v.

        Case No. 21-11952

MICHAEL BURGESS,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

Michigan prisoner Joshua David Boshell ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of second-degree murder, Mich. Comp. Laws § 750.317, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, following a jury trial in the Macomb County Circuit Court. He was sentenced to consecutive terms of 375 months to 600 months (31 years 3 months to 50 years) imprisonment and 24 months (2 years) imprisonment in 2019. In his pleadings, he raises claims concerning the trial court's denial of a directed verdict motion on a first-degree murder charge and the proportionality of his sentence.

Promptly after the filing of a habeas petition, a federal district court must

undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4, the court concludes that Petitioner is not entitled to relief on his claims such that his habeas petition must be denied. The court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner's convictions arise from the shooting death of his wife, Kristie Boshell, at their home in Shelby Township, Macomb County, Michigan on March 17, 2018. The

Michigan Court of Appeals described the relevant facts, which are presumed correct on habeas review, 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> This case arises out of the death of defendant's wife, Kristi Boshell (Kristi). Kristi had a long-standing alcohol disorder at the time of her death. Kristi and defendant lived together before their marriage. After the marriage Kristi's contact with her family lessened. According to her father, defendant did not like her to have frequent family contact. Several months before her death, Kristi called her parents and informed them that defendant had threatened to kill her. Both Kristi's parents and her son called the Shelby Township Police Department to express their concerns about her welfare and inform them that Kristi was being threatened.
>
> Shortly after midnight on the day of her death Kristi, sounding intoxicated, called her father and informed him that defendant was in the shower, so she could talk privately. Kristi repeated that she "had to get out," but did not express that defendant threatened her that evening. About an hour later, defendant called 911 to report that Kristi had shot herself. When the responding officers arrived at the home of Kristi and defendant, they were met with an intoxicated defendant. They found Kristi's lifeless body on the floor of the couple's bedroom with a handgun on her leg and her wedding ring and a gun holster on the couple's bed. Kristi was pronounced dead at the scene. Defendant initially stated to the police officers that Kristi grabbed defendant's weapon in the master bedroom, took off her wedding ring, put it on the bed, got on the bed and stated "you can do better" before shooting herself in the head. However, the autopsy indicated there was no evidence that the gun was shot within close range, and her death was ruled a homicide. Defendant was charged with first-degree murder and felony-firearm.
>
> At the conclusion of the prosecution's case, defendant moved for a directed verdict to dismiss the first-degree murder charge. Defendant argued that the prosecution presented insufficient evidence of premeditation or deliberation to present the first-degree murder charge to the jury. The trial court denied defendant's motion for a directed verdict. The judge instructed the jury on first-degree murder and second-degree murder.
>
> After jury deliberations, defendant was found guilty of the lesser included offense of second-degree murder, as well as guilty of felony-firearm.

3

*People v. Boshell*, No. 347412, 2020 WL 3621266, *1 (Mich. Ct. App. July 2, 2020) (unpublished). The court also accepts Petitioner's summary of the trial testimony as set forth in his brief on direct appeal. (*See* ECF No. 1, PageID.16-19.)

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims presented on habeas review. The court denied relief on those claims and affirmed his convictions and sentences. *Boshell*, 2020 WL 3521266 at *2-6. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Boshell*, 508 Mich. 1027, 951 N.W.2d 654 (Dec. 22, 2020).

Petitioner dated his federal habeas petition on August 5, 2021. He raises the following claims:

> I. His conviction for second-degree murder should be reversed as the prosecution presented constitutionally insufficient evidence on the requisite element of premeditation and deliberation for the charged offense [of first-degree murder], and thus the defense motion for directed verdict on that charge, at the close of the prosecution's case-in-chief, should have been granted, and that charge should not have been submitted to the jury, rendering his conviction on the included offense of second-degree murder an impermissible compromise verdict.
>
> II. His minimum sentence of 375 months for second-degree murder, the maximum within his 225 to 375 month minimum sentence guideline range, is disproportionate to him and the offense and is unreasonable, thus entitling him, with no prior felony record, to resentencing.

(ECF No. 1, PageID.5, 7, 20, 24.)

### III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at

28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to

5

find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*.; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal

6

judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, __ U.S. __, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "[i]t therefore

7

cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam). The decisions of lower federal courts may be useful in assessing the reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV. DISCUSSION

### A. Denial of Directed Verdict/Compromise Verdict Claim

Petitioner first asserts that the is entitled to habeas relief because the trial court erred in denying his directed verdict motion on the first-degree murder charge. He contends that the prosecution failed to present sufficient evidence of premeditation and deliberation to support submitting that charge to the jury such that his second-degree murder conviction constitutes an impermissible compromise verdict. He does not otherwise contest the sufficiency of the evidence to support his second-degree murder and felony firearm convictions.

The Michigan Court of Appeals denied relief on this claim ruling that the trial court's denial of the direct verdict motion was proper because the prosecution

8

presented sufficient evidence to support submitting the first-degree murder charge to the jury and finding that Petitioner failed to allege sufficient facts to show that the jury's verdict was an impermissible compromise. *Boshell*, 2020 WL 3621266 at *2-3.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, clearly-established United States Supreme Court law provides only that a criminal defendant has a right not to be *convicted* except upon proof of every element of a crime beyond a reasonable doubt; the Supreme Court has never held that submission of a charge upon which there is insufficient evidence violates a defendant's constitutional rights where the defendant is acquitted of that charge. *See Long v. Stovall*, 450 F. Supp. 2d 746, 752 (E.D. Mich. 2006) (quoting *Skrzycki v. Lafler*, 347 F. Supp. 2d 448, 453 (E.D. Mich. 2004)); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 761-62 (E.D. Mich. 2004).

The United States Court of Appeals for the Sixth Circuit has recognized that "[s]ome courts, under similar facts have concluded that submission to the jury of a charge constituted harmless error in light of petitioner's acquittal on that charge." *Daniels v. Burke*, 83 F.3d 760, 765 n. 4 (6th Cir. 1996) (citing cases, but finding it unnecessary to decide the issue); *see also Johnson v. Hofbauer*, 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001), *but cf. Williams v. Jones*, 231 F. Supp. 2d 586, 593-94 (E.D. Mich. 2002) (relying upon double jeopardy case of *Price v. Georgia*, 398 U.S. 323, 331 (1970)). Given that Petitioner was acquitted of the first-degree murder charge and only found guilty of the lesser offense of second-degree murder, any error in submitting the first-degree murder charge to the jury was harmless and does not warrant relief.

Additionally, to the extent that Petitioner asserts that the trial court erred in denying his directed verdict motion under state law, he fails to state a claim for habeas relief. *See, e.g., King v. Trippett*, 27 F. App'x 506, 510 (6th Cir. 2001) (upholding district court's ruling that petitioner failed to state a habeas claim where he alleged that trial court erred in denying directed verdict motion on armed robbery charge and he was acquitted of that charge). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Lastly, even if Petitioner states a cognizable claim as to this issue, he is not entitled to relief. Under Michigan law, first-degree premeditated murder requires proof that the defendant intentionally killed the victim and that the act of killing was premeditated and deliberate. *People v. Bennett*, 290 Mich. App. 465, 472, 802 N.W.2d 627 (2010); *People v. Schollaert*, 194 Mich. App. 158, 170, 486 N.W.2d 312 (1992). Premeditation and deliberation require sufficient time to allow the defendant to think beforehand or to take a second look. *People v. Oros*, 502 Mich. 229, 240, 917 N.W.2d 559 (2018); *Schollaert*, 194 Mich. App. At 170. The time interval may be minimal – merely seconds – depending upon the circumstances of the killing. *People v. Berthiaume*, 59 Mich. App. 451, 456, 229 N.W.2d 497 (1975). Premeditation and deliberation may be established by evidence of "(1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide." *Schollaert*, 194 Mich. App. at 170.

Direct or circumstantial evidence, and reasonable inferences therefrom, may constitute satisfactory proof of the elements of an offense, *People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177 (1993), including a defendant's intent or state of mind. *People v. Dumas*, 454 Mich. 390, 398, 563 N.W.2d 31 (1997). The use of a lethal weapon supports an inference of an intent to kill. *People v. Turner*, 62 Mich. App. 467, 470, 233 N.W.2d 617 (1975); *see also People v. Carines*, 460 Mich. 750, 759, 597 N.W.2d 130 (1999).

In this case, the prosecution presented evidence of premeditation and deliberation through the father's testimony relating the victim's statements that Petitioner had previously threatened to kill her and that she wanted out of the marriage; the investigating police officers' testimony that there were other guns in a safe, but the murder weapon was on the victim's chest and a holster was on the bed, that Petitioner was agitated and loud, would not make further statements, and tried to rinse and wipe his hands; and the medical examiner's testimony that the evidence indicated that the victim's body had been moved and that there was no evidence of close range firing. Such testimony was sufficient evidence of premeditation and deliberation to justify submitting the first-degree murder charge to the jury. At a minimum, the Michigan Court of Appeals' decision to that effect was reasonable. Habeas relief is not warranted on this claim.

### B.  Disproportionate Sentence Claim

Petitioner also asserts that he is entitled to habeas relief because his second-degree murder sentence is disproportionate. He contests certain provisions of state law

with respect to this issue and contends that the trial court did not properly account for his lack of significant criminal history.

The Michigan Court of Appeals denied relief on this claim rejecting Petitioner's challenge to certain state law provisions, finding that his sentence is within the state sentencing guidelines such that it is presumptively proportionate, and concluding that he failed to present unusual circumstances that would render his sentence disproportionate. *Boshell*, 2020 WL 3621266 at *4-6.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. A sentence imposed within the statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999); *see also Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature). Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentences are within the statutory maximum sentences for second-degree murder and possession of a firearm during the commission of a felony. *See* Mich. Comp. Laws §§ 750.317 (authorizing a sentence of life imprisonment or any term of years); 750.227b (mandating a consecutive sentence of two years imprisonment). Consequently, his sentences are insulated from habeas review absent a federal constitutional violation.

Petitioner's claim that his second-degree murder sentence is disproportionate is not cognizable on federal habeas review because it is a state law claim. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) (ruling that the Eighth Amendment does not require strict proportionality and that Michigan prisoner's claim that his sentence was disproportionate was not cognizable on habeas review); *Clarmont v. Chapman*, No. 20-1205, 2020 WL 5126476, *1 (6th Cir. July 13, 2020) ("[A]ny state law challenge to the reasonableness of [petitioner's] sentence or argument that his sentence is disproportionate under state law is also not cognizable on habeas review."). There is no federal constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). As noted, state courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis*, 497 U.S. at 780; *Oviedo*, 809 F.2d at 328.

Similarly, to the extent that Petitioner contests the state courts' application or interpretation of state law, he is not entitled to relief. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle*, 502 U.S. at 67-68. Petitioner fails to state a claim upon which federal habeas relief may be granted as to this issue.

Petitioner also cannot establish that his sentences constitute cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin*, 501 U.S. at

13

965. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (2000) (internal citation omitted). As discussed, Petitioner's sentences of 31 years 3 months to 50 years imprisonment and 2 years imprisonment are within the statutory maximums. The state trial court thus acted within its discretion in imposing those sentences and there is no extreme disparity between Petitioner's very serious crimes and sentences so as to offend the Eighth Amendment. Habeas relief is not warranted on this claim.

## V.  CONCLUSION

Based on the foregoing discussion, the court concludes that Petitioner is not entitled to habeas relief on his claims. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is DENIED and DISMISSED WITH PREJUDICE.

Before Petitioner may appeal, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may only issue if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Petitioner makes no such showing. Accordingly,

IT IS ORDERED that a certificate of appealability is DENIED.

Lastly, the court concludes that an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly,

IT IS ORDERED that leave to proceed in forma pauperis on appeal is DENIED.


                                                             s/Robert H. Cleland
                                                            ROBERT H. CLELAND
                                                            UNITED STATES DISTRICT JUDGE

Dated:   October 12, 2021